IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA,   PLAINTIFF,

v.   CIVIL ACTION NO. 1:20-cv-201-HSO-JCG

$33,600.00 UNITED STATES CURRENCY,
et al.,   DEFENDANT PROPERTY.

## **DEFAULT JUDGMENT OF FORFEITURE**

Before the Court is Plaintiff United States of America's Motion [10] for Default Judgment of Forfeiture. Having considered the Motion and the relevant authorities, the Court finds that the relief the United States seeks should be granted. The Court further finds and adjudicates as follows:

1. On June 16, 2020, the United States filed a Verified Complaint [1] for Forfeiture *in Rem* and sought forfeiture of $33,600.00 and $3,660.00 in U.S. Currency, seized on January 17, 2020, from Isaac Jonathan Mercado-Barrera, and $4,400.00 and $5,000.00 in U.S. Currency seized on January 17, 2020, from Servando Mercado-Pineda (the "Defendant Property"). The Complaint alleges that the Defendant Property is subject to forfeiture under 21 U.S.C. § 881, 18 U.S.C. §§ 981(a)(1)(A) and (C), and 31 U.S.C. §§ 5317 and 5332(c).

2. On June 18, 2020, the Court issued a Warrant of Arrest *in Rem* [4].

3. Under Rule G(4)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States mailed direct, written notice of this instant civil asset forfeiture action against the Defendant Property, including copies of the Verified Complaint for Forfeiture *in Rem*, Warrant

of Arrest *in Rem*, and Notice of Complaint for Forfeiture, to all potential claimants reasonably known to the United States, as evidenced by the United States' Proof of Service [6], filed with this Court on October 6, 2020.

  4. Beginning on June 20, 2020, the United States published for thirty (30) consecutive days on an official government internet website at www.forfeiture.gov notice of this instant civil asset forfeiture action against the Defendant Property, as evidenced by the Proof of Publication [7] filed in this cause on October 6, 2020.

  5. The aforementioned publication and direct notices informed Servando Mercado-Pineda, Isaac Jonathan Mercado-Berrera, Lee Russell (attorney for Mercado-Pineda and Mercado-Berrera), and Moyses Cortez, and all other persons or entities, known or unknown, having or claiming an interest in the Defendant Property that the Defendant Property had been arrested and that this instant civil forfeiture action was pending.  The publication and direct notices also informed said persons and entities that any persons or entities having or claiming an interest in the Defendant Property had at least thirty-five (35) days after the plaintiff mailed its written, direct notice, or sixty (60) days after the first publication of notice on an official government website, to file a claim and twenty (20) days after filing such claim to file an answer.  Furthermore, the notice referred any such persons or entities to Rule G(5) of the Supplemental Rules of Admiralty and Maritime Claims and Asset Forfeiture Actions, and warned that if this Supplemental Rule were not strictly followed, the Court could strike any claim and answer and enter default judgment of

forfeiture or summary judgment against any improperly claimed interest in the Defendant Property.

6. The United States took all reasonable measures to insure that Servando Mercado-Pineda, Isaac Jonathan Mercado-Berrera, Lee Russell (attorney for Mercado-Pineda and Mercado-Berrera), and Moyses Cortez, and all other possible claimants received such notice in a timely fashion.

7. As of this date, no claims, answers, or appearances in this cause to assert an interest in the Defendant Property, or to otherwise defend against this instance forfeiture action, have been filed by Servando Mercado-Pineda, Isaac Jonathan Mercado-Berrera, Lee Russell (attorney for Mercado-Pineda and Mercado-Berrera), and Moyses Cortez, or any other person or entity. Thus, the time for Servando Mercado-Pineda, Isaac Jonathan Mercado-Berrera, Lee Russell (attorney for Mercado-Pineda and Mercado-Berrera), and Moyses Cortez, or any other person or entity to file a valid claim or answer in this action has lapsed pursuant to Rule G of the Supplemental Rules of Admiralty and Maritime Claims and Asset Forfeiture Actions.

8. As such, Servando Mercado-Pineda, Isaac Jonathan Mercado-Berrera, Lee Russell (attorney for Mercado-Pineda and Mercado-Berrera), and Moyses Cortez, and all other possible claimants are in total default; the Clerk of Court's October 7, 2020, Entry of Default [9] was proper; and the United States is entitled to a default judgment of forfeiture against the full interests of Servando Mercado-Pineda, Isaac Jonathan Mercado-Berrera, Lee Russell (attorney for Mercado-Pineda and Mercado-

Berrera), and Moyses Cortez, and all other persons and entities in the Defendant Property, all without the necessity of further notice to Servando Mercado-Pineda, Isaac Jonathan Mercado-Berrera, Lee Russell (attorney for Mercado-Pineda and Mercado-Berrera), and Moyses Cortez, or any other person or entity.

**IT IS, THEREFORE, ORDERED AND ADJUDGED THAT:**

a.  The United States of America is hereby given a default judgment of forfeiture against the full interests of Servando Mercado-Pineda, Isaac Jonathan Mercado-Berrera, Lee Russell (attorney for Mercado-Pineda and Mercado-Berrera), and Moyses Cortez, and all other person and entities in the Defendant Property ($33,600.00 U.S. Currency, $3,660.00 U.S. Currency, $4,400.00 U.S. Currency, and $5,000.00 U.S. Currency).

b.  Any administrative claims or interests therein of any entities or persons, and any other possible claimant are hereby canceled;

c.  The Defendant Property is referred to the custody of United States Marshals Service for disposition in accordance with the relevant law and regulations.

**SO ORDERED AND ADJUDGED**, this 14th day of October, 2020.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE